Arpin *v.* del Toro, Juez de Distrito.

Solicitud para que se expida mandamiento de Certiorari.

No. 4.     Resuelto en Abril 3, 1905.

Certiorari.—Casos en que el peticionario no fuere parte en el juicio principal.—La circunstancia de que el promovente de un recurso de *certiorari* no fuere parte en el juicio principal, cuya revisión solicite por virtud de tal recurso, no es obstáculo alguno que pueda impedir su acción, pues si los procedimientos de dicho juicio le irrogan algún perjuicio, es parte interesada á los efectos de pedir su revisión en un recurso de *certiorari.*

Id.—Recurso ordinario.—El recurso de *certiorari* es de carácter privilegiado y extraordinario, y no puede acudirse á él en los casos en que hubiere remedio adecuado para reparar los agravios causados.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. López Landrón.*

Abogado de la parte opositora: *Sr. Alvarez Nava.*

El Juez Asociado Sr. Figueras emitió la opinión del Tribunal.

Don Arsenio L. Arpin, en solicitud debidamente jurada, establece, para que se corrijan los agravios que se le han causado en juicio en que no fué parte, el recurso de certiorari y resulta que en el juicio declarativo sobre reconocimiento de servidumbre y otorgamiento de escritura seguido por Don Ramón Valdés contra Don Pedro del Valle Franco y Don Guillermo David Noble y Ruiz, recayó sentencia definitiva en 30 de Diciembre de 1899, cuya parte dispositiva dice así:

"*Fallamos* que debemos declarar y declaramos con lugar la demanda interpuesta por Don Ramón Valdés Cobián, y en su virtud condenar y condenamos á Don Pedro del Valle Franco y á Don Guillermo

David Noble, á que presenten en el Registro de la Propiedad de Ca-guas las escrituras de propiedad del terreno vendido por Valle á Noble y la de propiedad de Valle sobre los mismos terrenos; otorgando los demandados la escritura necesaria para corregir los defectos que impiden inscribir la servidumbre establecida por Valle en la escritura de seis de Octubre de mil ochocientos noventa y ocho, haciéndolo el Tribunal á su costo si no lo verificasen, en la forma prevenida por la ley, imponiendo las costas de 1a. y 2a. instancia á los demandados. Así por esta nuestra sentencia, irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.—José S. Quiñones.—Juan Morera Martínez.—Francisco de P. Acuña.—El Juez Asociado Don José C. Hernández votó por escrito.—José S. Quiñones.—Herminio Díaz.

Devueltos los autos á la Corte de San Juan se procedió á la ejecución de la anterior sentencia y á vueltas de providencias varias y de repetidos requerimientos á Valle y á Noble para el otorgamiento de escritura se llegó al punto de constituir una servidumbre sobre dos trozos de terrenos radicados en los barrios de Cedrito y Da. Elena del término de Comerío que adquirió Arpin, libre de cargas, de Don Guillermo David Noble, según dice, en escritura de 20 de Mayo de 1899, y cuya posesión está inscrita á nombre del comprador en el Registro de la Propiedad de Caguas.

No constando de los autos, que se han remitido como consecuencia de este "Certiorari", que el Registrador inscribiera la servidumbre á favor de Valdés en las fincas de Arpin, pero este hecho se reconoció por las representaciones de las partes que concurrieron al acto de la vista que para este "Certiorari" se señaló, limitando Valdés su alegación á la justicia de la constitución de la servidumbre con lo cual, dicho se está, que reconoció la certeza del hecho de la constitución. No se puede negar que Don Arsenio L. Arpin no fué parte en ese juicio sobre servidumbre y al seguir sin oirle, ese procedimiento de ejecución de la sentencia y constituir en su propiedad una servidumbre, se le ha causado un grave perjuicio por cuya ra-

zón es interesado para el efecto de poder pedir la revisión de esos procedimientos.

Mucho se podría decir sobre la irregularidad de los mismos, pero considerando la naturaleza especial de la Ley autorizando autos de "Certiorari", aprobada por la Asamblea Legislativa de esta Isla, en 10 de Marzo de 1904, se viene á la conclusión de que dicho recurso es de carácter privilegiado y extraordinario y no puede á él acudirse mientras falte por agotar el remedio adecuado para reparar los agravios causados.

Hay en el procedimiento ordinario el juicio de nulidad de la inscripción de la servidumbre referida establecido en debida forma con citación de quien corresponda y hay el injunction ó interdicto prohibitorio preliminar establecido conjuntamente con aquel juicio si llega la necesidad de tener que impedir cualquier hecho que trate de causar perjuicio en la propiedad.

Y si esto es así, hay que convenir en que este recurso de certiorari carece de justificación en el momento actual, mientras pueda el peticionario utilizar un medio ordinario decuado á la garantía y salvación de todos y cada uno de sus derechos.

Propone, pues, el Juez que suscribe que por las razones expuestas se declare que no ha lugar á hacer pronunciamiento alguno referente á la nulidad de todos ó parte de los procedimientos seguidos en ejecución de la sentencia dictada en favor de Don Ramón Valdés en el pleito que siguió contra Don Guillermo David Noble y Don Pedro del Valle Franco sobre otorgamiento de escritura y constitución de servidumbre.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.